# Order

Michigan Supreme Court
Lansing, Michigan

July 2, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

140297 & (66)
140299

In re INVESTIGATIVE SUBPOENAS.

_____

GRAND TRAVERSE COUNTY PROSECUTOR,
      Petitioner-Appellee,

v

MEIJER, INC.,
      Respondent-Appellee,
and

DICKINSON WRIGHT EMPLOYEES,
      Respondents-Appellants.

_____/

SC: 140297
COA: 284993
Grand Traverse CC:
      08-026516-PZ

In re INVESTIGATIVE SUBPOENAS.

_____

GRAND TRAVERSE COUNTY PROSECUTOR,
      Petitioner-Appellee,

v

MEIJER, INC.,
      Respondent-Appellant,
and

DICKINSON WRIGHT EMPLOYEES,
      Respondents-Appellees.

_____/

SC: 140299
COA: 284993
Grand Traverse CC:
      08-026516-PZ

By order of April 16, 2010 the parties were directed to file supplemental briefs. On order of the Court, the briefs having been received, the applications for leave to appeal the November 19, 2009 judgment of the Court of Appeals are again considered, and they are GRANTED. The parties shall include among the issues to be briefed whether a county prosecutor has the authority to investigate and prosecute violations of the Michigan Campaign Finance Act, MCL 169.201 *et seq.*

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

MARKMAN, J. (*concurring*).

I concur in the order granting leave to appeal. I write separately to request that the parties carefully address two threshold questions of justiciability. Here, the prosecutor originally sought authorization under MCL 767A.2(1) to issue subpoenas to investigate an alleged felony. Specifically, the prosecutor was investigating a violation of the Michigan Campaign Finance Act (MCFA), under MCL 169.254, which prohibits corporations and their agents from making election campaign contributions. In the meantime, the United States Supreme Court issued its ruling in *Citizens United v Federal Election Comm'n*, 558 US ___; 130 S Ct 876, 913 (2010), in which it held that "the Government may not suppress political speech on the basis of the speaker's corporate identity." Thus, *Citizens United* introduces the issue whether a violation under MCL 169.254 may be prosecuted at all and, as a result, whether the underlying issue in this case—the prosecutor's authority to prosecute felony violations of the MCFA—is moot. Moreover, the Court of Appeals held that a prosecutor has the authority to criminally enforce *other* provisions of the MCFA which were not affected by *Citizens United*. The prosecutor has indicated that he now intends to pursue criminal misdemeanor violations of the MCFA. However, at least to this point, this case has involved an alleged felony and the prosecutor's authority to investigate it; MCL 767A.2(1) does not authorize the issuance of subpoenas to investigate alleged misdemeanors. Therefore, the issue also arises whether the issue of a prosecutor's authority to investigate misdemeanor violations under the MCFA is ripe. Thus, I respectfully request that the parties address: (1) whether the issue regarding a prosecutor's authority to prosecute felonies under MCL 169.254 is moot; and (2) whether the issue regarding a prosecutor's authority to prosecute misdemeanors under the MCFA is ripe.

CAVANAGH, J. (*dissenting*).

I would deny the application for leave to appeal as I concur with the Court of Appeals statement that "[t]he statutory language neither expressly creates nor inherently implies any restriction applicable to the prosecutor's power to investigate criminal violations provided for by the MCFA." *In re Investigative Subpoenas*, 286 Mich App 201, 217; 779 NW2d 277 (2009).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 2, 2010

_____
Clerk

d0629